UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY PAUL SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN JOAQUIN COUNTY SHERIFF'S DEPARTMENT,<br><br>    Defendant. | No. 2:18-cv-1998 KJN P<br><br>ORDER |

Plaintiff, a county inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, the certificate portion of the request which must be completed by plaintiff's institution of incarceration has not been filled out. Also, plaintiff has not filed a certified copy of his inmate trust account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). In addition, on page 9 of the application form, in response to question no. 7, plaintiff failed to answer the "Do you own any cash?" portion. (ECF No. 9 at 3.) In a prior application, plaintiff claimed he owns $11,428.16 in cash. (ECF No. 4 at 3.) Therefore, plaintiff is provided the opportunity to file a new application to proceed in forma pauperis, respond to all of question no. 7, and to submit a certified copy in support of his application.

1

Plaintiff also requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, a completed affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court;

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner; and

3. Plaintiff shall submit, within thirty days from the date of this order, a certified copy of his inmate trust account statement for the six month period immediately preceding the filing of the complaint. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

////

////

////

4. Plaintiff's motion for the appointment of counsel (ECF No. 8) is denied without prejudice.

Dated: August 14, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/smit1998.3c+new+31